IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CLOWNEY, | No. 4:22-CV-01374 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

**JANUARY 10, 2023**

Petitioner David Clowney is currently incarcerated in SCI Coal Township for arson and criminal mischief.[1] He pled guilty to the charges on March 28, 2022, and was sentenced on June 14, 2022.[2] Clowney filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court in late August 2022.[3] Because Clowney has not exhausted any of his claims in state court and cannot establish good cause for a stay and abeyance, the Court must dismiss his Section 2254 petition.

Claims raised in a habeas corpus petition under 28 U.S.C. § 2254 generally are required to be exhausted in state court.[4] "Exhaustion addresses federalism and

---

[1] *See Commonwealth v. Clowney*, Nos. CP-35-CR-0001523-2021, CP-35-CR-0001524-2021 (Pa. Ct. Com. Pl. Lackawanna Cnty.).
[2] *See id.*; Doc. 1 at 1.
[3] Doc. 1.
[4] *See* 28 U.S.C. § 2254(b)(1)(A).

comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."[5] Exhaustion should not be "overlooked lightly,"[6] and will not be excused simply because a petitioner believes his claims will be denied on the merits in state court.[7]

In his Section 2254 petition, Clowney appears to concede that he has not exhausted his state remedies.[8] On September 9, 2022, this Court issued a show-cause Order, directing Clowney to explain why his Section 2254 petition should not be dismissed without prejudice for failure to exhaust state remedies.[9] That Order was remailed to Clowney several times because he had been moved to different prisons but did not inform the Court of his new address.[10]

Finally, on November 3, 2022, the Court received a letter from Clowney asking for additional time to respond to the September 9 show-cause Order.[11] The Court granted that request on November 8, giving Clowney until November 29, 2022, to establish why his Section 2254 petition should not be dismissed as unexhausted.[12] The Court further warned Clowney that, if he failed to timely

---

[5] *Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) (internal quotation marks and citations omitted).
[6] *Id.* at 62 (citation omitted).
[7] *Id.* at 63-64.
[8] *See, e.g.*, Doc. 1 at 3 (noting that he filed a motion for reconsideration in the trial court and is "waiting for a result").
[9] Doc. 3.
[10] *See* Docs. 4, 5.
[11] Doc. 6.
[12] Doc. 7.

respond to the show-cause Order, it would dismiss his Section 2254 petition without prejudice and close his case.[13]

To date, Clowney has failed to respond to this Court's show-cause Order. The Court further observes that, according to the publicly available state criminal docket sheets, Clowney filed a post-conviction petition in state court in December 2022.[14] Accordingly, the Court finds that Clowney has not established "good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics" that would prompt this Court to *sua sponte* invoke the stay-and-abeyance process set forth in *Heleva v. Brooks*[15] for completely unexhausted petitions. Specifically, the Court notes that, because Clowney recently filed a petition for post-conviction relief in the state trial court that is still pending,[16] there does not appear to be any statute of limitations concerns with respect to filing a Section 2254 petition following state-court exhaustion.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Clowney's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for failure to exhaust state remedies. After exhaustion of state remedies, Clowney may

---

[13] *Id.* This November 8 Order was likewise remailed to Clowney's new address—at SCI Coal Township—on December 7, 2022, when the Court received the original mailing "R.T.S., Return to Sender, Refused." *See* Doc. 8.
[14] *See Commonwealth v. Clowney*, Nos. CP-35-CR-0001523-2021, CP-35-CR-0001524-2021 (Pa. Ct. Com. Pl. Lackawanna Cnty.).
[15] 581 F.3d 187, 192 (3d Cir. 2009).
[16] *See Commonwealth v. Clowney*, Nos. CP-35-CR-0001523-2021, CP-35-CR-0001524-2021 (Pa. Ct. Com. Pl. Lackawanna Cnty.).

        once again seek relief in federal court pursuant to Section 2254 so long as he comports with the time limitations provided by 28 U.S.C. § 2244(d).

2.     A certificate of appealability shall not issue, as Clowney has not made a substantial showing of the denial of a constitutional right, s*ee* 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this Court's procedural ruling is correct, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3.     The Clerk of Court is directed to CLOSE this case.

                                       BY THE COURT:

                                       *s/ Matthew W. Brann*
                                       Matthew W. Brann
                                       Chief United States District Judge